UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSE ESPINOZA, ANGEL FONSECA, ROBERTO RUIZ, <br><br> Plaintiffs, <br><br> vs. <br><br> THE UNDERWOOD GROUP LLC, INNOVATIVE CONSTRUCTION SERVICES, INC., DEBRA UNDERWOOD, <br><br> Defendants. | 1:14-cv-00594-RLY-TAB |

**ENTRY ON MOTION FOR JUDGEMENT ON THE PLEADINGS**

Jose Espinoza, Angel Fonseca, and Roberto Ruiz (hereby referred to collectively as "Plaintiffs") brought action against Underwood Group LLC, Innovative Construction Services, Inc., and Debra Underwood (hereby referred to collectively as "Defendants"), claiming that Defendants violated the Fair Labor Standards Act ("FLSA") and the Indiana Wage Payment Statute, I.C. § 22-2-5. Defendants in turn filed a Counterclaim alleging Plaintiffs fraudulently misrepresented themselves to Defendants. Plaintiffs now bring this motion for judgment on the pleadings to dismiss Defendants' Counterclaim with prejudice pursuant to Federal Rules of Civil Procedure 12(c) and 9(b). For the reasons set forth below, Plaintiffs' motion is **GRANTED**.

1

### I.     Background

Defendant Underwood is owner and officer of the Underwood Group and Innovative Construction Services (Filing No. 20 ¶¶ 5, 12).  Plaintiffs are all residents of Marion County, Indiana, who were employed by Defendants in the three years prior to bringing their initial action. (*Id.* at ¶¶ 2-4).  During their time working for Defendants, Plaintiffs claimed Defendants did not pay the FLSA-required premium for overtime hours, paid less than the FLSA-required minimum wage, and did not make timely payments of their earned wages required by Indiana state law.  (*Id.* at ¶¶ 17-19).

Plaintiffs filed their amended complaint on October 1, 2014, seeking unpaid back wages, liquidated damages, court costs, and attorney's fees.  (Filing No. 20 at ECF p. 5). Defendants then brought a Counterclaim arguing that Plaintiffs fraudulently misrepresented their eligibility for employment by providing invalid social security cards and other documentation which Defendants relied on.  (Filing No. 28 ¶¶ 32, 38[1]).  In response, Plaintiffs have filed this motion for judgment on the pleadings to dismiss Defendants' Counterclaim.

### II.    Standard of Review

A party may make a Rule 12(c) motion for judgment on the pleadings after pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c).  Courts apply the same standard to 12(c) motions as they do to 12(b)(6) motions to dismiss, and

---

[1] Defendants' Counterclaim contains two separate paragraphs numbered 36.  The court renumbers the second paragraph 36 as paragraph 37 and continues the renumbering to paragraph 39 for clarity.

therefore must assume the alleged facts as true while drawing all inferences in favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Federal Rule of Civil Procedure 12(b)(6) "authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. Generally speaking, when considering a Rule 12(b)(6) motion to dismiss, courts must inquire whether the complaint satisfies the 'notice-pleading' standard." *Kruse v. GS Pep Tech. Fund 2000 LP*, 897 F. Supp. 2d 769, 772 (N.D. Ind., Sept. 19, 2012) (quoting *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012)). Rule 8(a)(2) requires a "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), with enough facts to raise a right to relief above speculative levels. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**III.     Discussion**

Plaintiffs argue that the motion for judgment on the pleadings should be granted for multiple reasons. First, Plaintiffs argue the Defendants' Counterclaim is preempted by federal law. Next, Plaintiffs argue that Defendants' Counterclaim pleads information and documents that Defendants are not permitted to use under federal law as basis for their Counterclaim. Finally, Plaintiffs argue that Defendants have failed to plead fraud with the necessary particularity required under Federal Rule of Civil Procedure 9(b). The court will discuss Plaintiffs' arguments below in turn.

    **A.     Does Federal Law Preempt Defendants' State Law Fraud Claims?**

Defendants' Counterclaim argues that Plaintiffs are illegal aliens who submitted improper documents for employment, thereby committing state law fraud. (Filing No. 28

¶¶ 32-39). Plaintiffs respond to this argument by asserting that federal laws overrule state laws on matters regarding the creation, possession, and use of fraudulent documents by unauthorized aliens. The Supreme Court has noted that "the Government of the United States has broad, undoubted power over the subject of immigration and the status of aliens . . . . The federal power to determine immigration policy is well settled." *Arizona v. U.S.*, 132 S. Ct. 2492, 2498 (2012). In sum, Plaintiffs ask the court to find against Defendants on the Counterclaim for improperly seeking a state law remedy for a matter that is exclusively reserved for federal law.

Plaintiffs point to the Immigration Reform and Control Act of 1986 ("IRCA"), 8 U.S.C. § 1101, as being the governing federal law on immigration fraud. The Supreme Court summarized IRCA in *Hoffman Plastic Compounds, Inc. v. N.L.R.B.*, 535 U.S. 137 (2002):

> IRCA also makes it a crime for an unauthorized alien to subvert the employer verification system by tendering fraudulent documents. It thus prohibits aliens from using or attempting to use 'any forged, counterfeit, altered or falsely made document' or any 'document lawfully issued to or with respect to a person other than the possessor' for the purposes of obtaining employment in the United States. Aliens who use such documents are subject to fines and criminal prosecution.

*Id.* at 147-148. Plaintiffs argue that Defendants' state law fraud claims are essentially repackaging IRCA violations to impose unauthorized penalties on Plaintiffs.

Plaintiffs further rely on *Arizona v. United States* as a point of comparison. In that case, the United States District Court for the District of Arizona issued a preliminary injunction against an Arizona statute imposing additional state policies relating to immigration. *Arizona*, 132 S. Ct. at 2498. Section 3 of the contested statute made failure

4

to comply with federal alien registration requirements a state misdemeanor. *Id.* at 2501. The Supreme Court found this state policy improper, reasoning that this section of the statute attempted to give Arizona independent authority to prosecute federal registration violations and diminished the Federal Government's authority over immigration. *Id.* at 2502. "Permitting the State to impose its own penalties for the federal offenses here would conflict with the careful framework Congress adopted . . . . These specific conflicts between state and federal law simply underscore the reason for field preemption." *Id.* at 2502-3.

Defendants in turn argue[2] that *Arizona v. U.S.* "simply has no application to the instant counterclaim." (Filing No. 41 at ECF p. 2). Defendants argue that IRCA does not preempt their state law fraud claim because their Counterclaim "arises under common-law standards that predate IRCA by more than 200 years." *Id.* This argument is unpersuasive, has no bearing on the preemption analysis, and fails to rebuff Plaintiffs' use of *Arizona*. As the Supreme Court laid out in *Arizona*, it is well established that federal laws preempt state laws in certain areas, including immigration. *Arizona*, 132 S. Ct. at 2498. The court therefore finds that Defendants' Counterclaim is preempted by federal law.

---

[2] Defendants also argue their Counterclaim is viable for unrelated policy reasons, including identity theft and the resurgence of HIV in Indiana via needle sharing. (Filing No. 41 at 3-7). Defendants not only fail to relate these issues with the case at hand, but they include no citations in support of their claims.

### B.     Does Federal Law Prohibit Defendants' Use of Documents?

Even if the Counterclaim is not preempted, Defendants claim that the Plaintiffs' submitted work documents give rise to their Counterclaim.  The Counterclaim refers to "social security cards indicating invalid social security numbers, and other documentation, indicating their lawful status within the United States as to employment eligibility."  (Filing No. 28 ¶ 32).  However, Plaintiffs argue that federal law prohibits Defendants' use of these documents for prosecuting a state law civil fraud action.  The Supreme Court has stated, "Congress has made clear that any information employees submit to indicate their work status 'may not be used' for purposes other than prosecution under specified federal and criminal statutes for fraud, perjury, and related conduct."  *Arizona*, 132 S. Ct. at 2504 (citing 8 U.S.C. §§ 1324a(b)(5), (d)(2)(F)-(G)).  Because prosecuting a state law civil fraud claim is not a permitted use of Plaintiffs' documents, Plaintiffs argue that Defendants' Counterclaim has no factual basis and the judgment on the pleadings should therefore be granted.

Defendants respond to Plaintiffs' argument by stating that, "Since the fraud could be based on presentation of forged social security cards, it cannot be said that Defendants can prove no set of facts to support their counterclaim."  (Filing No. 41 at 2).  Defendants further argue that social security cards are not identification documents under IRCA, but are instead documents "evidencing employment authorization."  *See United States v. Tyson Foods, Inc.*, 258 F. Supp. 2d 809 (E.D. Tenn. 2003).  Regardless of whether a social security card is an identifiable document or employment authorization, the documents may not be used for state law purposes.  *Arizona*, 132 S. Ct at 2504.

Defendants' use of social security cards in their Counterclaim is therefore improper, leaving their Counterclaim with no factual basis.

### C. Have Defendants Plead Fraud with the Requisite Specificity?

Because the court has found Defendants' Counterclaim to be preempted by federal law and void of any factual support, the court need not address whether Defendants pled fraud with the requisite specificity.

### IV. Conclusion

The court finds that Defendants' Counterclaim is preempted by federal law and improperly uses information prohibited by federal law as its basis. Therefore, Plaintiffs' motion for judgment on the pleadings to dismiss Defendants' Counterclaim (Filing No. 37) is **GRANTED**.

**SO ORDERED** this 20th day of July 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record